# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **NATIONAL CHENG KUNG UNIVERSITY**<br><br>Plaintiff,<br><br>v.<br><br>**MAXIM INTEGRATED PRODUCTS, INC.**<br><br>Defendant. | CIVIL ACTION NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff National Cheng Kung University ("NCKU" or "Plaintiff") for its Complaint against Maxim Integrated Products, Inc. ("Maxim" or "Defendant"), demands a trial by jury and alleges as follows:

## PARTIES

1. Plaintiff National Cheng Kung University is a higher education institution with a principal address of No. 1, University Road, Tainan, Taiwan, R.O.C.

2. On information and belief, Defendant Maxim is incorporated under the laws of California with its principal place of business at 120 San Gabriel Drive, Sunnyvale, CA 94086. This defendant is registered to do business in the State of Texas and has appointed CSC-Lawyers Incorporated Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, as its agent for service of process.  On information and belief, Maxim regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, either itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. §

1400(b).  Defendant Maxim has sales offices and design centers in at least Austin, Texas, Dallas, Texas, and San Antonio, Texas.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b).  On information and belief, Maxim has transacted business in this district, and has committed acts of patent infringement in this district, by the making, using, selling and/or offering for sale products infringing products.

5. On information and belief, Maxim is subject to this Court's general and specific personal jurisdiction because: Maxim has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Maxim has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Maxim regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and causes of action arise directly from Maxim's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,561,078

6. NCKU is the owner of all rights, title and interest to United States Patent No. 7,561,078 ("the '078 Patent") entitled "System and Method for Encoding a Data Set."  The '078 Patent was issued on July 14, 2009 after a full and fair examination by the United States Patent

and Trademark Office. The application leading to the '078 Patent was filed on November 9, 2007. Attached as Exhibit "A" is a copy of the '078 Patent.

7. The '078 Patent is generally directed to an encoding system for data set, particularly for a video data set.

8. On information and belief, Maxim has been and now is infringing the '078 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell devices used to determine the similarity between an input speech data and sample speech date ouch devices that incorporate methods, and system units according to the '078 Patent. On information and belief, examples of Maxim products that infringe the '078 Patent include, but are not limited to, all Maxim products using block-oriented motion compensation video as embodied in the ITU-T H. 264 Standard, including the H.264 Video Codec System-on-chip (SoC) ICs. Maxim is thus liable for infringement of the '078 Patent pursuant to 35 U.S.C. § 271.

9. To the extent that facts learned in discovery show that Maxim's infringement of the '078 Patent is or has been willful, NCKU reserves the right to request such a finding at time of trial.

10. As a result of Maxim's infringement of the '078 Patent, NCKU has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Maxim's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining Maxim and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '078 Patent, NCKU will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, NCKU respectfully requests that this Court enter:

A. A judgment in favor of NCKU that Maxim has infringed the '078 Patent, and that such infringement was willful;

B. A permanent injunction enjoining Maxim and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '078 Patent;

C. A judgment and order requiring Maxim to pay NCKU its damages, costs, expenses, and prejudgment and post-judgment interest for Maxim infringement of the '078 Patent as provided under 35 U.S.C. § 284;

D. An award to NCKU for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to NCKU its reasonable attorneys' fees; and

F. Any and all other relief to which NCKU may show itself to be entitled.

## DEMAND FOR JURY TRIAL

NCKU, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 7, 2013

Respectfully submitted,

NATIONAL CHENG KUNG UNIVERSITY

/s/ Winston O. Huff
Winston O. Huff, Attorney in Charge
Texas State Bar No. 24068745
Deborah Jagai
Texas State Bar No. 24048571
W. O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

ATTORNEYS FOR PLAINTIFF
NATIONAL CHENG KUNG
UNIVERSITY

## CERTIFICATE OF FILING

I hereby certify that on March 7, 2013 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

/s/ Winston O. Huff
Winston O. Huff, Attorney in Charge